Robert M. Carr Port Orange City Attorney Daytona Beach
QUESTION:
Does s. 171.044, F. S., which provides for voluntary annexation, bar the creation on an `enclave' of county land, bounded on all sides by city territory?
SUMMARY:
Section 171.044, F. S., merely contemplates prohibition of enclaves of municipal territory and does not purport to prohibit enclaves of county land within municipal territory, especially when a county-controlled road and right-of-way allow access to the parcel.
Your inquiry notes that the City of Port Orange, an incorporated municipality located within Volusia County, has received a request from a property owner seeking voluntary annexation into the municipality. You state your concern whether annexation of this parcel would result in the creation of an enclave — a parcel ofcounty land surrounded by municipal territory — and, additionally, whether creation of such an enclave is prohibited by s.171.044(5), F. S.
The diagram appended to your letter indicates that the parcel of county land in question would be bounded on the west by newly annexed territory, is currently bounded on the north and east by the boundaries of the City of Port Orange, and bounded southwesterly by the right-of-way line of what appears to be a county road designated on the diagram as `Boulevard.' The city's boundary extends along the southwesterly right-of-way line, such right-of-way or county road separating city territory from the parcel of county land.
The Municipal Annexation or Contraction Act, ch. 171, F. S., sets forth uniform legislative standards and procedures for the adjustment of municipal boundaries. Section 171.044 allows voluntary annexation of unincorporated areas, providing in pertinent part:
 (1) The owner or owners of real property in an unincorporated area of a county which is contiguous to a municipality and reasonably compact may petition the governing body of said municipality that said property be annexed to the municipality. (Emphasis supplied.)
 (5) Land shall not be annexed through voluntary annexation when such annexation results in the creation of enclaves. (Emphasis supplied.)
This office has previously opined that s. 171.043 is inapplicable to parcels of land sought to be annexed pursuant to s. 171.044, voluntary annexation. Attorney General Opinion 078-121 concluded that the only conditions clearly imposed on voluntary annexation under s. 171.044 are those imposed in that section (i.e., that the property be contiguous and reasonably compact and that voluntary annexation not result in the creation of enclaves). Additionally, even though s. 171.044(4) provides that `this section shall not apply to municipalities in counties with charters which provide for an exclusive method of municipal annexation,' a reading of the Volusia County Charter indicates that it is silent on the subject of municipal annexation. Accord: County of Volusia v. City of Daytona Beach Shores, 356 So.2d 932 (1 D.C.A. Fla., 1978).
Section 171.031, F. S., defines, for the purposes of ch. 171, F. S., the terms `contiguous' and `compactness,' providing that they shall have the following meanings unless some other meaning is plainly indicated:
 (11) `Contiguous' means that a substantial part of a boundary of the territory sought to be annexed by a municipality is coterminous with a part of the boundary of the municipality. . . .
 (12) `Compactness' means concentration of a piece of property
in a single area and precludes any action which would create enclaves, pockets, or finger areas in serpentine patterns. Any annexation proceeding in any county in the state shall be designed in such a manner as to ensure that the area shall be reasonably compact. (Emphasis supplied.)
Your letter notes your concern whether voluntary annexation of the above-described parcel of land would result in the creation of an enclave of county land and also whether creation of such an enclave is prohibited by s. 171.044(5), F. S. From the diagram and information furnished to me I conclude that the parcel proposed to be annexed is sufficiently `contiguous' to the City of Port Orange since `a substantial [ample or considerable] part of a boundary of the territory sought to be annexed' is `coterminous with a part of the boundary of the municipality.' Sections 171.031(11) and171.044, F. S. Additionally, I conclude that the parcel sought to be annexed is also `reasonably compact,' as required by s.171.044(1). See definition of `compactness' in s. 171.031(12), set forth above, which also provides that `[a]ny annexation proceeding in any county . . . shall . . . ensure that the area shall be reasonably compact.' (Emphasis supplied.) However, annexation of this parcel will result in the creation of an enclave of unincorporated territory, defined in the traditional sense as `a tract of territory enclosed within foreign territory' (Webster'sThird New International Dictionary), or as `any distinctly bounded area enclosed within a larger area' (The American HeritageDictionary of the English Language, 1979). Yet, s. 171.044(5)'s prohibition against the creation of enclaves (as clarified by the definition of `compactness' contained in s. 171.031(12)) seems to contemplate municipal enclaves, and that statute does not purport to prohibit or otherwise regulate enclaves of county land brought about by municipal annexation. (See ss. 171.044(1) and171.031(12), both of which are concerned with and refer to the `area' or the `piece of property' to be annexed. Both sections possess a purpose of assuring creation of geographically unified and compact municipalities.) And, it is significant that the presence of a boulevard abutting the southwesterly boundary of the county parcel in question will allow the county ample access, since this road and its right-of-way are apparently not subject to the jurisdiction of the city.
Again, I observe that the parcel of land in question is both contiguous to Port Orange and quite compact and, additionally, that annexation of this parcel will not result in creation of amunicipal enclave of Port Orange territory within the unincorporated territory of Volusia County, unlike the situation described in AGO 077-18 in which it was concluded that creation of a municipal enclave would violate s. 171.044(5), F. S.
Prepared by: Anne Curtis Terry, Assistant Attorney General